The counsel for Outen filed the following petition for a re-’ hearing, which was granted:
As regards so much of this controversy as depends upon the writ of error by Wra.W Graves, it is respectfully suggested, that the writ having issued in August, returnable to the present term, it did not, agreeably to the practice of this court, regularly stand for hearing ; that the petioner, apprised of this, and meeting with some obstacles in his attempts to gain counsel, particularly detailed in the affidavit filed, was not represented or heard, or had an opportunity to be heard.
As to the crime of forgery, of which he stands convicted by the opinion delivered, he declares the deposition of Samuel Owens, as filed, was regularly taken, and he believes that none would doubt, after an inspection of the testimonials attending it, none of which are contained in the present copy of the record. Indeed, the name of the witness, whose deposition was taken, by his adversary, is different. One being Owens and the other Owings. He does rely that when the two depositions shall come, upon process for that purpose, and compared, he will stand redeemed from this charge.
Touching the question who sold the note to the petitioner, he would beg leave to say, that it had not seemed to him to be very important. And his bill was written in accordance with the fact, whatever may he the proof, that the testimony upon which tiie adversary depends to negative this statement of the hill, is of the most questionable and loose character — such as that of Mr. Nash — a most imperfect detail of an impression of admissions &o, &c. Is it credible that a man of common sense, a man of business, alter he had stated the fact in his bill, repeated upon solemn affirmation in his answer, taken testimony to prove it, should, by some accidental conversation to the kinsman of his adversary, *633 concede that the truth were otherwise, and that he had not only told a falsehood, but superadded the crime of perjury. See the case of Myers and Owsly, Hardin. '
Yet, as the opinion supposes, the counsel for the petitioner looks upon this as a very unimportant fact. The important enquiry relates to the usury. Concerning the law of this matter, the counsel would submit these reflections. The borrower presents the question in an answer in the nature of a cross bill, and upon it the cause is prepared on the subject of usury. And the act of assembly, authorizing such bill, certainly holds the borrower liable for the debt. It is notatthe pleasure ofthe defendant to hold merely an answer or a bill of discovery, at his election, after it has been treated, and the cause prepared upon it as a cross bill. If his proof may equal the requisitions of those who try the fact, then he waives his bill; otherwise he will avail himself of it. In this case, the charge of usury is made by a cross bill, in the nature of a bill of discovery, and the borrower stands bound accordingly.
But as to the fact. The petitioner was called upon to answer — and he not only negatives in general terms, but sets forth the consideration in particular. Now I would say, that I believe that no witness has affirmed to the usury, or to circumstance in law conducing to prove it. R. Houton” comes nearest, agreeably to my understanding of the proof. He. speaks of a conversation in which Outen mentioned, the loan. He is then asked as to the rate of interest, and answers that he does not recollect to have been told. The question is then propounded $ “ Do you or do you not believe that the money was loaned, agreeably to his conversation, at more than six per cent. ?” Answer. — I rather think it was my impression.” Before this court it need not, I trust, be deliberately argued, that the question was inadmissible ; that the answer is no evidence, and that, in revising the errors of the circuit court, this tribunal will give no' effect to questions and answers Which, upon exception, should have been expunged.
Another witness says, that when he asked Outen what was the interest received, the latter answered, *634 that was best known to himself, or that was not to be known. Now, may it be inferred that interest was received,,and that, it was unlawful, because Outen does not tell Mr. Gorham, who appears to have no concern with it, all about it, Outen had already gone too far in speaking of his accommodations to their neighbors ; it occurred to him that it was a matter of some delicacy, and he stopped. He may have had many motives for silence on the subject. Indeed, prudence, without regañí to the feelings of Mr. Graves, and others, to whom he lent, forbid it. If ho never had conversed with Mr. Nish, or Mr. Gorham, perhaps it would not have occurred to them, at a future dav, to recollect what was not said, or repeat impressions which were not justified, as he now says. No answer, in evasion of an important enquiry, should compromit the interest of any man. Many other motives, than a consciousness that the Interest was too high, rafight be justly ascribed to Outen. Nay, I would not believe that any man at that day would have feared that Col. John Graves would have pleaded, or permitted to be pleaded, the statute against usury in avoidance of his engagement for so paltry a sum. I do not belieye that Outen feared it.
Thus I believe I have recited all the proof. Is it sufficient to ont.weigh the answer — and to impose a forfeiture of so large a sum of money — or were not the former views taken of this subject more correct ? Nay, as this tribunal lias often said, were it not more fair to conclude, that as the affirmative in this respect is with the defendants, they should have made more clear their case, and not to have left so much of doubt upon it ; and that, failing in this, the decree should be against them. A re-hearing is respectfully prayed. JAMES HAGGIN..